IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal Nos. 19-5 and 19-129 |
| | ) | |
| WILLIAM DAVIS | ) | |

**OPINION and ORDER ON MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**

On August 3, 2020, Defendant filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 41. He filed a Supplement to the Motion on August 13, 2020. ECF No. 46. Defendant seeks compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), due to his underlying medical conditions and his risk of contracting COVID-19 while incarcerated at the Federal Correctional Institution at Morgantown, West Virginia. The government opposes Defendant's request for release arguing that he cannot show "extraordinary and compelling reasons." ECF No. 47. Argument on the Motion was held on July 28, 2020. For the reasons set forth below, Defendant's Motion will be denied.

I.   **Exhaustion of Administrative Remedies**

Pursuant to section 3582(c)(1)(A) a defendant may bring a compassionate release motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring the motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Mr. Davis requested compassionate release on June 14, 2020, and the Warden denied the request on June 22, 2020. The government agrees with Defendant that he has met the

exhaustion requirement and this Motion is properly before the Court. Joint Status Report, ECF No. 43, at ¶ 4(a); Gov't Resp. 3 n. 1. Therefore, because thirty days have passed since Defendant's request to the Warden for compassionate release, his Motion is ripe, and the Court has jurisdiction over Defendant's Motion.

## II.   Background

On October 22, 2019, Defendant entered a plea of guilty to three counts of possession with intent to deliver a quantity of cocaine[1] at Criminal No. 19-05; and one count of possession of a firearm by a convicted felon[2] at Criminal No. 19-129. He was sentenced on February 11, 2020 to concurrent terms of 46 months' imprisonment, to be followed by 3 years' supervised release. Defendant is incarcerated at the FCI-Morgantown. According to the Bureau of Prisons, his expected release date is October 31, 2022.

Mr. Davis is 39 years of age. His stated medical conditions are prediabetes and a serious, possibly infected, toothache causing him to experience significant pain from the left side of his head down to his chest. He contends that he is being denied treatment for his dental problem as a result of COVID-19-related restrictions for dental care. He states that, were he to contract COVID-19 while confined at FCI-Morgantown, he is more susceptible to serious illness or death. He also states that FCI-Morgantown is unable to meet the appropriate risk reduction and prevention measures recommended by the Centers for Disease Control (CDC). As such, he requests that he be released to home-confinement to live at his girlfriend's residence in Imperial, Pennsylvania. He states that there are no firearms in the residence and it is a drug and

---

[1] In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (based on conduct that occurred on June 7, 2017, July 6, 2017, and July 31, 2017).

[2] In violation of 18 U.S.C. § 922(g)(1).

alcohol-free environment. He states that he is a good candidate for home confinement because he has no prior convictions for acts of violence, he possessed the firearm to protect his family from an identified threat and he did not fire it, and his demonstrated employment history shows he is capable of independent success.

The government maintains that Mr. Brown's medical conditions do not qualify as serious medical conditions establishing extraordinary and compelling reasons for release. The government argues that, even if Mr. Davis qualified for compassionate release, the section 3553(a) factors, specifically, the crimes for which he is currently incarcerated, do not favor release.

### III.  Analysis

#### A.  Applicable Law

The First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), provides, in relevant part:

> **(c) Modification of an Imposed Term of Imprisonment.** —The court may not modify a term of imprisonment once it has been imposed except that—
>
>> **(1)** in any case—
>
>> **(A)** the court, . . . upon motion of the defendant . . .may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> **(i)** extraordinary and compelling reasons warrant such a reduction; . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act directs analysis, for extraordinary and compelling reasons, to the Sentencing Commission's applicable policy statement, which provides in relevant part that, after considering the section 3553(a) factors, the court may reduce a term of imprisonment if it determines that--

    (1)    (A) Extraordinary and compelling reasons warrant the reduction; . . . .

    (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

    (3) The reduction is consistent with this policy statement.

U.S.S.G. §1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)).

The Sentencing Commission Commentary to the Policy Statement describes medical circumstances that qualify as "extraordinary and compelling". U.S.S.G. § 1B1.13, comment (n.1(A)). Mr. Davis does not meet any of these medical parameters.[3] The Commentary, at subsection (D), provides a catch-all provision, permitting release where there exists an extraordinary and compelling reason other than, or in combination with, the reasons set forth within the other Commentary sections. U.S.S.G. § 1B1.13, comment (n.1(D)).

    **B.  Discussion**

        **1.  Extraordinary and Compelling Reasons**

Mr. Davis must demonstrate "extraordinary and compelling reasons" for compassionate release. As discussed above, the Sentencing Commission Commentary to the Policy Statement describes medical circumstances that qualify as "extraordinary and compelling". U.S.S.G. § 1B1.13, comment (n.1(A)). Under such circumstances, he has not demonstrated "extraordinary and compelling reasons."

---

[3] Identified medical circumstances are: that the defendant is suffering from a terminal illness; that the defendant is suffering from a serious physical or medical condition; that the defendant has a serious functional or cognitive impairment; or that the defendant's deteriorating physical or mental health, due to aging, substantially diminishes his ability for self-care. U.S.S.G. § 1B1.13, comment (n.1(A)). Said Commentary, at Subsection (B), provides that extraordinary and compelling reasons exist where the defendant is at least 65 years of age, has served at least 10 years or 75 percent of his term of imprisonment, and the defendant is experiencing a serious deterioration in physical or mental health due to aging,. U.S.S.G. § 1B1.13, comment (n.1(B)). Subsection (C) concerns family circumstances not applicable in this case. U.S.S.G. § 1B1.13, comment (n.1(C)).

Mr. Davis cites his prediabetes, his severe toothache and associated pain, and an inability to obtain proper medical care as conditions that satisfy the "extraordinary and compelling reasons" standard under § 3582(c)(1)(A)(i), as elaborated by the Sentencing Commission in U.S.S.G. § 1B1.13, because such conditions place him at higher risk for complications, and even death, should he contract the virus.

On June 2, 2020, Mr. Davis submitted a sick call dental request stating that he had severe pain in his mouth and pain in his neck. ECF No. 41-4.  He stated that it was not the first time he reported the condition, and it had been ongoing for eight days.  Id.  The response he received from the dentist was that he would be seen after the COVID-19 dental treatment restrictions were lifted.  Id.  On June 23, 2020, Mr. Davis was seen by medical staff for complaints of left neck and head pain that lasted for hours at a time, and chest tightness that lasted for a few minutes.  Medical Records of Mr. Davis (filed under seal), ECF No. 45, at 4.  He was given ibuprofen, and a chest x-ray and EKG were ordered.  Id. at 5-6.  A follow-up visit was scheduled and occurred on July 17, 2020.  Id. at 6 (scheduling the visit); at 1-2 (July 17, 2020 visit).  His medical records indicate that Mr. Davis was seen by the dentist on July 8, 2020, seeking treatment for "something wrong" with his crown.  Id. at 46.  The Court notes that, in his Motion, Mr. Davis states that the pain he is experiencing is in the area of his crown.  ECF No. 41, at 6.  The dentist found exposure of the dentin and root surface at the location of the crown.  ECF No. 45, at 46.  She advised Mr. Davis on oral hygiene and told him to follow-up with sick call as needed.  Id.  Thus, although he may not be receiving the precise dental care he believes is necessary, Mr. Davis is not being denied dental treatment.  Mr. Davis remains able to seek dental and medical treatment at the prison for his conditions, and therefore his circumstances are not extraordinary.

Mr. Davis's medical records do not show that he has diabetes, although his July 7, 2020 A1C blood test result indicates that he has prediabetes. ECF No. 41, at 3. A July 17, 2020 medical record indicates that the medical staff intended to monitor his prediabetes, and ordered a repeat A1C blood test for January 7, 2021, to be followed by a medical visit on February 12, 2021. Id. at 2. The CDC indicates that persons with Type 2 diabetes are at an increased risk of severe illness from the virus, and persons with Type 1 diabetes may be at increased risk, but the CDC does not address persons with borderline diabetes or prediabetes. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#diabetes. Being classified as prediabetic means that Mr. Davis is at risk of developing Type 2 diabetes, but prediabetes is not a medical condition that increases his risk of severe illness from COVID-19. In addition, the medical staff at FCI-Morgantown appear to be paying close attention to Mr. Davis's prediabetes. The Court finds that Mr. Davis's medical conditions do not qualify as extraordinary and compelling reasons for compassionate release.

Finally, the catchall, "other reasons" from the Sentencing Guidelines Commentary, USSG 1B1.13, comment (n1.(D)), does not justify Mr. Davis's release. Importantly, Mr. Davis has not contracted the virus. There are no inmate cases of COVID-19 reported at FCI-Morgantown, and two staff who had tested positive have recovered. https://www.bop.gov/coronavirus/ (as of September 4, 2020). The Court recognizes and considers the potential for Mr. Brown's exposure to the COVID-19 virus at FCI-Morganton. Unfortunately, that potential exists anywhere in society. The Bureau of Prisons is taking the necessary steps and precautions to protect inmates from the spread of the COVID-19 virus. https://www.bop.gov/coronavirus/covid19_status.jsp The Court is sympathetic to Mr. Davis's concerns about potential complications caused by COVID-19 should he contract the virus.

However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020)).  When considering all circumstances impacting Mr. Davis, even in combination, such do not constitute extraordinary or compelling reasons for compassionate release to home confinement.

### 2. Section 3553(a) Factors

Pursuant to 18 U.S.C. § 3582(c)(1)(A) and the Sentencing Commission's Policy Statement, a Court may reduce a defendant's sentence "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13, p.s.  Upon review of these factors, this Court concludes that even if there were "extraordinary and compelling" reasons, a sentence reduction is not appropriate.  The government asserts that Mr. Davis is a danger to the community based on his offenses of conviction, as well as his significant criminal history.  ECF No. 47, at 9-11.  The government also contends that the circumstances of this case do not justify a reduction.  The Court sentenced Mr. Davis to four 46-month concurrent terms of imprisonment.  This sentence was at the low end of the guideline range.  The offenses of conviction are serious: three drug trafficking offenses and an unlawful possession of a firearm offense.  Moreover, his criminal history involves violations of prior terms of supervised release as well as additional drug trafficking and firearm charges.  Present consideration of Section 3553(a) factors continues to support the original sentence in this case.  Thus, reduction of his sentence is not appropriate.

Accordingly, the Court denies Defendant's Motion.

AND NOW, this 8th day of September, 2020, it is HEREBY ORDERED that

7

Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 41, is DENIED.

                      BY THE COURT:

                      *Marilyn J. Horan*
                      Marilyn J. Horan
                      United States District Judge